IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN J. HAMMER, et al., | : | Case No. 4:07-CV-1155 |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| JOHN LOSSING, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

July 3 , 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This Court is in receipt of a Complaint initiating the above-captioned action, filed by pro se Plaintiffs[1] on June 27, 2007. (Rec. Doc. 1). For the reasons that follow, this action will be dismissed.

## DISCUSSION:

It is well-established that in order for federal courts, such as this one, to render opinions on a pending action, they must have subject matter jurisdiction. See 28 U.S.C. §§ 1331-1332. It is equally well-established that it is incumbent upon federal courts to ensure that such subject matter jurisdiction exists if such is in question. See Morel v. Immigration and Naturalization Serv., 144 F.3d 248,

---

[1] Plaintiffs in this action are Stephen J. Hammer, Dr. Jana Lee Hammer, and Tyler Lee.

1

251 (3d Cir. 1998) (citing <u>Ins. Corp. of Ireland, Ltd. v. Companie des Bauxite de Guinee</u>, 456 U.S. 694 (1982)).

Cognizant of Plaintiffs' <u>pro se</u> status, our review of the Complaint (doc. 1) reveals that no jurisdiction is conferred thereby. Rather, similar to their previous action before us, docketed at 4:07-CV-969, Plaintiffs' instant action appears to us to be an attempt to engage this district court in one or more collateral attacks on other court proceedings.

Based upon our reading of Plaintiffs' submissions, we think it safe to assume that the events which led to the commencement of this action are roughly as follows. First, one or more of the Defendants[2] to the instant action instituted an eviction action against Plaintiffs in state court, which has been presided over by Magisterial District Judge Thomas E. Carr. Plaintiffs then instituted one or more bankruptcy actions in order to stay such proceedings as the eviction action. Following the lifting of the stay in the most recent bankruptcy action, Plaintiffs lost interest in same and failed to submit the required supporting documents, resulting in the bankruptcy action's dismissal. Said dismissal prompted Plaintiffs to seek relief in this Court, first via the action docketed at 4:07-CV-969 and now via the instant action.

---

[2] Defendants to this action are John Lossing, Jana Lossing, and Edward G. Puhl.

In the instant action, Plaintiffs raise only issues that are outside of this Court's jurisdiction. Indeed, a careful reading of Plaintiffs' Complaint (doc. 1) demonstrates that Plaintiffs seek to have us: 1) consider issues that should have been raised in the bankruptcy proceedings; and/or 2) involve ourselves in Magisterial District Judge Carr's proceedings. Either way, Plaintiffs are improperly seeking to have us intervene: in a bankruptcy action that may be ongoing and that is not before us as on appeal; or as an appellate Pennsylvania court.[3] Neither of which we can do. Thus, as we can ascertain no cognizable grounds for subject matter jurisdiction, we will dismiss the instant action without prejudice.

An appropriate Order shall issue.

---

[3] The proper forum in which to file an appeal of any adverse determination by Magisterial District Judge Carr would be the appropriate Pennsylvania Court of Common Pleas.